## CIRCUIT COURT OF ROCKINGHAM COUNTY

Rockingham Pre-Cast, etc.

v.

Arrowhead Contracting, Inc.

June 28, 1994

Case No. (Law) 9544

BY JUDGE PORTER R. GRAVES, JR.

On June 14, 1994, the parties, as captioned above, each by counsel, were before the Court for argument upon the issues of whether the defendant would be required to pay the two percent per month service charge, together with attorney's fees, both as set forth on the invoices of the plaintiff.

The case had previously been tried before the Court, without a jury, on May 27, 1994, at which time I ruled that the plaintiff should have judgment against the defendant in the amount of $17,663.09, reserving the above issues for determination and dismissing the defendant's counterclaim.

The plaintiff argues that the invoices were received at the job site by the defendant, and they were accepted and not rejected. Furthermore, the plaintiff argues that Mr. Ike France testified that he had negotiated the contracts on behalf of the defendant, and he signed a number of the invoices upon delivery. Plaintiff argues that there was an offer and acceptance regarding the invoices and that the defendant's representative, Mr. France, testified he knew he would have to pay additional money to the plaintiff because of the new deal entered into regarding the left-handed trenches, which was not originally contemplated in the parties' agreement. The plaintiff argues that the invoices were a modification of the original contract or a new contract, and in either instance, the interest and attorney's fees are a part of it. The plaintiff also argued that the parties were required to deal in good faith and that the defendant was a merchant in business and the plaintiff had done everything required by the good faith

standard. In support of its argument, the plaintiff cited § 8.2-207 of the Code of Virginia, 1950, as amended, and *Armco v. New Horizon*, 229 Va. 561 (1985). Finally, the plaintiff argues that the defendant paid one of the plaintiff's invoices and made some deductions therefrom. See plaintiff's "Exhibit K," or a letter accompanying payment of plaintiff's invoice, plaintiff's "Exhibit C," which did not mention or deduct the service charge as an excluded item.

The defendant argues that § 8.2-207 of the Code of Virginia speaks about the parties sending forms back and forth negotiating a deal. It further argues that representatives from both the plaintiff and defendant testified that plaintiff's "Exhibit I" sets forth the terms between the parties and all the essential terms were in that contract even though no one on behalf of the plaintiff signed it. The defendant argues that the parties' intention must control. The defendant argues that there are ambiguities in the plaintiff's invoices supplied with the delivery of the inlet trenches which accompanied their delivery and were signed as "received by" by a defendant representative upon delivery. The defendant argues that the present case is not a "battling of forms" situation and that the invoices of the plaintiff only provide the items were "received by," instead of an agreement to the terms on such invoice.

The defendant cited *Flowers Baking Co. v. R-PKG*, 229 Va. 370 (1985), which states that the parties are required to negotiate and agree.

Additional cases were cited by the parties, and I have reviewed all of the statutory and case authority cited by the parties.

In reviewing plaintiff's "Exhibit K," it is a letter of April 16, 1992, from Ike France, general superintendent and chief estimator of the defendant to the plaintiff. The letter encloses a check in the amount of $34,607.26 on an invoice of January 31, 1992, from the plaintiff totaling $52,270.35. It had nine specific back charges and/or deductions listed thereon. At no place thereon is there a deduction for the service charge of $224.05 as set forth on plaintiff's "Exhibit C." Plaintiff's "Exhibit C" is not dated January 31, 1992, as specifically stated on plaintiff's "Exhibit K." However, it is for the amount of $52,270.35, the amount in total set forth and referred to on both plaintiff's "Exhibits C" and "K." Since no invoice was admitted in evidence or referred to showing a balance of $52,270.35 other than the statement of the plaintiff, plaintiff's "Exhibit C," I must assume that the reference in plaintiff's "Exhibit K" to an invoice dated January 31, 1992, is incorrect. If there was another invoice without the service charge, the

amount of $52,270.35 as referred to in plaintiff's "Exhibit K" would be incorrect in that at least $224.05 would need to be deducted therefrom.

After a review of all the evidence in the case, including the exhibits, the law as cited by the parties, and their argument, I determine that the plaintiff is entitled to the service charges as set forth on their invoices, together with attorney's fees.

In a determination of attorney's fees, I believe where attorney's fees are allowed, as in the present circumstances, they should be reasonable.

Mr. Richardson has filed an affidavit herein on June 2, 1994, regarding those attorney's fees. There has been no challenge as to the reasonableness thereof. After a thorough review of the matter and considering the facts and circumstances of the case and the amount of time expended, together with his requested hourly rate, it appears that such fees would be reasonable and appropriate to award against the defendant.